**SCHNUCKS MARKETS, INC., et al.,
Plaintiff–Respondent,**

v.

**David J. CASSILLY & Joseph L.
Mason, Defendants–Appellants.**

**No. 53142.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 1, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 6, 1988.

John Lawrence Davidson, Private Atty.,
St. Louis, for defendants-appellants.

William J. Travis, Private Atty., St.
Louis, for plaintiff-respondent.

DOWD, Judge.

Defendants, the sole general partners of Glen Park Properties, appeal from the order of the circuit court denying their motion to set off their claim for liquidated damages.

This is the second time these parties have been before this court on appeal. The facts of the underlying breach of the oral agreement are set forth in *Schnucks Markets, Inc., v. Cassilly,* 724 S.W.2d 664 (Mo. App.1987). At the conclusion of the first trial, the trial court entered its judgment on a jury verdict awarding damages to Schnucks in the sum of $25,263.36. On appeal to this court, we affirmed the trial court's award of damages and awarded Schnucks pre-judgment interest.

After our court rendered its opinion in *Schnucks, supra,* at 666, defendants filed a motion to set off their claim for liquidated damages in payment or satisfaction of a judgment. The circuit court denied defendants' motion to enter a partial satisfaction of a judgment. On this appeal, defendants contend:

> [t]he trial court erred in failing to enter an order granting movants a partial satisfaction of the judgment in favor of respondents in that movants were entitled to set off against such judgment their liquidated claim against respondents for one half of the tap-on fees paid to respondents by Duckett Creek in February, 1987 because the promise by respondents to pay one half of the tap-on fees to movants was independent of the other promises and conditions of the contract breached by movants.

Plaintiff contends the issue of future tap-in fee credits was already adjudicated in the prior trial and appeal of this matter. We agree. In light of our prior holding in the first appeal of this case, we conclude this issue was already adjudicated in *Schnucks Markets, Inc. v. Cassilly*, 724 S.W.2d 664 (Mo.App.1987). In that case on appeal we noted:

> Schnucks and Cassilly entered into an oral agreement whereby Schnucks and Glen Park would share the cost of extending a sewer line to Schnucks' property.... Later, Schnucks and Cassilly orally agreed that construction costs would be split 50%–50%. Glen Park then breached the agreement which damaged Schnucks in that costs increased and Schnucks had to assume Glen Park's share. With Glen Park no longer involved, however, *Schnucks would realize increased rebates from future users as they "tapped" into the line, thus reducing Schnucks' damages.*

(emphasis added). *Id.* at 666. In that case, we denied defendants' second point by noting:

> Glen Park's second point contends that the court erred by not directing a verdict for Glen Park as two essential terms of the contract, how the parties would be credited for the deposits made by both Schnucks and Glen Park for engineering work and how they would be credited for tap in fees, was not established.... We have reviewed the record and found that Glen Park, again, merely urges us to ignore the evidence not favorable to them.... Points two and five are without merit.

*Id.* at 667.

Consequently, we affirm the judgment of the trial court on the grounds the issue of future tap-in fee credits was already determined in the first trial and appeal of this case. We will not readdress an issue previously decided in an earlier appeal. A decision by our court is the law of the case on all points raised and decided and our decision continues to govern throughout all subsequent proceedings both in the trial and the appellate courts and no issue decided in the first appeal will be readdressed in the second. *Brooks v. Kunz*, 637 S.W.2d 135, 137 (Mo.App.1982). Our earlier opinion is the law of the case, and that opinion will govern all matters concerning future credits for third party tap-in fee credits. We find defendants' contention to be without merit.

As a final matter, we deny plaintiff's request for damages under Rule 84.19 for frivolous appeal. We find an award of damages is not justified in this case. Accordingly, the judgment of the trial court is affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.